UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Julie A. Bath,  Case No. 3:19-cv-1747

    Plaintiff

v.  MEMORANDUM OPINION
AND ORDER

Commissioner of Social Security,

    Defendant

## I. INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Jonathan D. Greenberg. (Doc. No. 15). Judge Greenberg recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Julie A. Bath's applications for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB"). (*Id.*). Bath timely filed objections to the R & R, (Doc. No. 16), and the Commissioner responded. (Doc. No. 17).

## II. BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Bath, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 15 at 2-12).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. Discussion

In her application for a period of disability and disability insurance benefits, Bath alleged her disability began in February 18, 2016 and continued thereon. When evaluating Bath's RFC for the period between February 18, 2016 and May 10, 2017, the ALJ concluded Bath "would be absent more than two days per month due to her impairment or treatment." (Doc. No. 10 at 29). In reasoning, the ALJ explained, "[t]he medical records stated that the claimant had regular and continuous headaches and dizziness that would support the limitation that she would be absent from work more than two days per month." (*Id.* at 32 (citing *id.* at 651-52, 658)). Relying on the testimony of the vocational expert, the ALJ concluded that while Bath would otherwise not be considered "disabled," Bath's anticipated absenteeism "would preclude work in the national economy." (*Id.* at 34). Therefore, the ALJ concluded Bath was disabled from February 18, 2016, through May 10, 2017.

The ALJ determined Bath was not disabled after May 10, 2017, because her condition had improved and would no longer cause her to be absent more than two days a month. In reasoning, the ALJ cited the May 10, 2017 record from Bath's neurologist, in which Bath "reported…that her symptoms were improving." (*Id.* at 37 (citing *id.* at 647)). The ALJ also noted that Bath had not

returned to see her neurologist or gone to the emergency room for migraines since that May appointment. (*Id.*).

Before Judge Greenberg, Bath alleged "the ALJ erred by failing to evaluate the intensity, persistence and limiting effect of her symptoms after May 10, 2017 in accordance with Social Security Ruling 16-3p ('SSR 16-3p')." (Doc. No. 15 at 18). In his analysis of this issue, Judge Greenberg noted that Bath acknowledged the symptoms were appropriately evaluated earlier in the ALJ's decision under the period of disability and stated, "SSR 16-3p does not require the ALJ to restate the evidence on which he based the portion of his earlier findings which is unchanged." (*Id.* at 23). Judge Greenberg then concluded Bath's assignment of error was ultimately a challenge to the ALJ's interpretation of the evidence, and dismissed it after concluding the ALJ's decision was supported by substantial evidence even if the evidence could have been interpreted in a way to support Bath's desired conclusion. (*Id.*). Bath now contends the Judge Greenberg erred in this conclusion.

First, Bath contends Judge Greenberg improperly supplemented the ALJ's rationale on the question of absenteeism. (Doc. No. 16 at 5). In the R & R, Judge Greenberg noted in part that Bath did not receive multi-day infusion treatments for her migraines in the months following May 10, 2017, as she did during the period of disability. (Doc. No. 15 at 22). Judge Greenberg stated, "This difference in frequency is relevant to the issue here: whether receiving this treatment would cause absenteeism in excess of two days a month." (*Id.*). But the ALJ's determination that Bath would be absent more than two days per month during the period of disability was not based on the length or frequency of these multi-day treatments, but instead on the medical records noting "daily" severe headaches. (Doc. No. 10 at 32 (citing *id.* at 651-52, 658)). Further, while the ALJ noted that Bath had received infusion therapy for migraines in September 2017, he did not suggest this treatment related to his conclusion on absenteeism. (*Id.* at 37).

3

Because the ALJ did not suggest the frequency of the infusion therapy treatments was material to his decision regarding absenteeism during or after the period of disability, I agree this reasoning should not be attributed in favor of the ALJ's decision now. But this alone is not grounds to reject the R & R or reverse the Commissioner's decision.

The true objection to the R & R is Judge Greenberg's determination that the ALJ did not have to reconsider the intensity, persistence, and limiting effects of Bath's symptoms when analyzing Bath's RFC for the period after May 10, 2017. For reference, Judge Greenberg concluded that because the ALJ analyzed these symptoms properly once, and because those symptoms were unchanged, the ALJ did not have to reanalyze them. Bath does not allege her symptoms changed, but instead contends that if the symptoms did not change, the ALJ's conclusion about them should not have changed either. (Doc. No. 16 at 6).

In his analysis of the period of disability, the ALJ described Bath's headache-related subjective symptoms as follows:

> At the hearing, she testified that she had a migraine twenty days per month and that they would last for hours up to multiple days. She further testified that her medications did not seem to help her migraines and when she had a migraine she would lie in her bed in the dark or stay in her recliner in a dark room. Additionally, the claimant testified that she had dizziness daily and if she had a migraine her dizziness was constant. She testified that if her dizziness was not severe her medications would help, otherwise they did not help her. … Finally, the claimant testified that she could only do her household chores for a few minutes before needing to rest and she had difficulty with her memory.

(Doc. No. 10 at 30). After discussing the objective medical evidence, the ALJ concluded:

> [S]tatements concerning the intensity, persistence and limiting effects of these symptoms are generally consistent with the evidence from February 18, 2016 through May 10, 2017. The claimant's allegations are generally supported by the medical records. Specifically, the medical records note that the claimant was in regular treatment with a neurologist for her vestibular disorder. The medical records stated that the claimant had regular and continuous headaches and dizziness that would support the limitation that she would be absent from work more than two days per month.

(*Id.* at 32).

As stated above, Bath does not contend there was any change in her subjective symptoms, activities of daily living, or medication-related factors. But while the ALJ found that testimony consistent the medical evidence for the period of disability, he found it inconsistent with the medical evidence available for the period after May 10, 2017. (*Id.* at 38). In explanation, the ALJ stated, in part:

> First, I note that there are not many treatment records after May 10, 2017, relating to the claimant's severe impairments. … Additionally, the claimant testified that she had dizziness on a daily basis and a migraine approximately twenty days per month. This is not supported by the medical records. The claimant did not treat with Advanced Neurologic Associates after May 2017, and at that time, she reported an improvement in her symptoms. Moreover, she was not seen in the emergency room for migraines after May 2017. She testified that she had medical insurance. This suggests that her symptoms were not as disabling as she alleged.

(*Id.*).

While the ALJ could have restated Bath's testimony, I agree with Judge Greenberg – such an exercise was unnecessary. Contrary to Bath's argument, the ALJ did more than make a single, conclusory statement about his analysis of her subjective symptoms. In fact, he complied with SSR 16-3p, which provides,

> if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, … we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons … she may not …seek treatment consistent with the degree of … her complaints.

SSR 16-3P, 2016 WL 1119029, at *8 (Mar. 16, 2016). Some of those considerations include whether the claimant was able to afford treatment and whether the claimant's symptoms were not severe enough to seek treatment. *Id.* at *8-*9. In his analysis, the ALJ addressed these factors. Bath does not cite any other reason to explain why she did not seek treatment for her allegedly continued severe symptoms following the period of disability.

5

Because the ALJ thoroughly addressed Bath's subjective symptoms in the decision and considered the consistency of those symptoms with the objective medical evidence available for both during and after the period of disability, I conclude the ALJ applied the proper legal standard. Although the objective medical evidence supported a finding that Bath was having daily debilitating headaches during the period of disability that would require her to be absent more than two days per month, there is nothing in the record indicating those daily headaches continued after May 10, 2017. Therefore, I agree with Judge Greenberg's finding that the ALJ's decision that she would not require the same absenteeism, was supported by substantial evidence.

### V. CONCLUSION

For the foregoing reasons, I adopt Judge Greenberg's conclusion and overrule Bath's objections. The Commissioner's decision is affirmed.

So Ordered.

                                                                             s/ Jeffrey J. Helmick
                                                                             United States District Judge